IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IKE BEYALE,

    Plaintiff,

vs.                                                                         Civ. No. 25-1327 JFR/SCY

PHI HEALTH, LLC, and
JOHN DOE,

    Defendants.

## ORDER TO FILE RULE 7.1 NOTICES

This matter comes before the Court sua sponte, following its review of the Notice of Removal, filed by Defendant PHI Health, LLC on December 31, 2025. Doc. 1. Defendant removed this action to federal court citing diversity jurisdiction. *Id.* ¶ 2. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). "[T]he ultimate burden of establishing complete diversity" lies with "the party seeking to invoke federal jurisdiction." *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1306 (10th Cir. 2025); *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013). The Court finds the notice of removal insufficient to sustain discovery jurisdiction in two ways.

First, the notice of removal alleges that Plaintiff Ike Beyale is a "resident of New Mexico." Doc. 1 ¶ 2. However, residency is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency may prima facie indicate citizenship when other proof in the record indicates citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There being no other proof in the record indicating citizenship, an allegation of "residency" and not "citizenship" is insufficient to confer jurisdiction on this Court. *Vincent v. Nelson*, 51 F.4th 1200, 1211-12 (10th Cir. 2022) (complaint alleging residency was insufficient to confer jurisdiction); *see also McEntire v. Kmart Corp.*, No. 09cv567 JB/LAM, 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (collecting cases discussing requirement to amend notice of removal).

Second, the notice or removal alleges that Defendant PHI Health, LLC "is a limited liability company incorporated in the State of Louisiana," and that it "has its principal place of business in Arizona." Doc. 1 ¶ 2(b). But determining the citizenship of an unincorporated entity such as limited liability company ("LLC") is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See id.* § 1332(c). An LLC, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity").

2

The notice of removal does identify the two members of PHI Health, LLC: PHI Corporate, LLC and AM Equity Holdings, LLC. *See* Doc. 1-3 ¶ 5. And as to these businesses, the notice of removal alleges that "PHI Corporate, LLC is incorporated in the State of Delaware with a principal place of business in the State of Louisiana," and "AM Equity Holdings, LLC is incorporated in the State of Louisiana with a principal place of business in the State of Louisiana." Doc. 1-3 ¶¶ 6-7. Although these statements are ambiguous as to whether the two identified "incorporated" members of PHI Health, LLC are LLCs or corporations, Defendant attached documents to the notice of removal showing that the members of PHI Health, LLC are themselves LLCs. Doc. 1-3 at 9, 11.

"[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021) (internal quotation marks omitted). Therefore, "[t]o properly allege the citizenship of one of these types of business entities [LLCs], the party seeking federal court jurisdiction must start by identifying each and every partner or member of the entity, and if any of those partners or members are themselves entities, their constituent persons or entities must also be identified, and so on as far down as necessary to unravel fully the citizenship of the entity before the court." *DCP Operating Co., LP v. Travelers Indem. Co.*, No. 24cv628 SMD/KRS, 2025 WL 404906, at *2 (D.N.M. Feb. 5, 2025) (internal quotation marks omitted); *see also ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1300 (10th Cir. 2025) (party invoking jurisdiction must "identify the members of its LLC members, as well as the citizenship of those members' members, through as many layers as necessary for the court to satisfy itself that it has jurisdiction"). Accordingly, in the absence of information about the

citizenship of the members of PHI Corporate, LLC and AM Equity Holding, LLC, the Court cannot determine whether it has diversity jurisdiction.

The Court notes that Rule 7.1 requires a party to file a disclosure statement as to its own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."); *see also id.* Committee Notes - 2022 Amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction."). In keeping with this intent, the Court orders both Plaintiff and Defendant to file a Rule 7.1 notice as to their own citizenship.

**IT IS HEREBY ORDERED** that Plaintiff and Defendant file disclosure statements that fully comply with Rule 7.1(a)(2) no later than January 20, 2026.

**IT IS FURTHER ORDERED** that if statements showing the facts necessary to sustain diversity jurisdiction are not filed by January 20, 2026, the Court may remand this case to state court without further notice.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE