IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IKE BEYALE,

      Plaintiff,

vs.                                                                                     Civ. No. 25-1327 JFR/SCY

PHI HEALTH, LLC, and
JOHN DOE,

      Defendants.

## ORDER TO FILE AMENDED RULE 7.1 NOTICE

This matter comes before the Court sua sponte, following its review the Rule 7.1 disclosure statements. Docs. 7, 8. On January 6, 2025, the Court entered an order explaining that the notice of removal is insufficient to sustain diversity jurisdiction in two ways: (1) the notice alleges Plaintiff's residency, not his citizenship; and (2) the notice does not provide the citizenship for the members of Defendant PHI Health, LLC. Doc. 3. As such, the Court instructed both parties to file Rule 7.1 disclosure statements as to their own citizenship. *Id.*

On January 20, 2026, Plaintiff filed a disclosure statement, indicating that he "is domiciled in New Mexico, where he resides and intends to remain." Doc. 8. Thus, Plaintiff has cured the diversity allegations in the notice of removal as to his own citizenship. *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (holding that citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely).

On January 12, 2026, Defendant PHI Health, LLC filed its Rule 7.1 disclosure statement in which it states that: "PHI Corporate, LLC and AM Equity Holdings are the parent companies of PHI Health, LLC"; "**The following individuals or entities may be attributed to PHI**

**Health, LLC:** PHI Corporate, LLC – Citizen of Louisiana[,] AM Equity Holdings- Citizen of Louisiana". Doc. 7. This statement remains insufficient to sustain diversity jurisdiction.

As the Court previously explained, a limited liability company ("LLC") is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"). "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021) (internal quotation marks omitted). Here, Defendant PHI Health, LLC asserts that it has two members, PHI Corporate, LLC and AM Equity Holdings, LLC, who are both themselves LLCs. *See* Doc. 1-3 at 1, ¶ 5; *id.* at 9, 11. As to the citizenship of those LLC members, the disclosure statement merely provides that both PHI Corporate, LLC and AM Equity Holdings are citizens of Louisiana without providing any information as to their members or the citizenship of their members. Doc. 7.

This procedure—asserting citizenship without naming the members of each LLC down the entire business chain—is conclusory. It does not comply with Rule 7.1, which requires a party to "name" every entity whose citizenship is attributed to that party. Fed. R. Civ. P. 7.1(a)(2); *Chesapeake Operating L.L.C. v. JK Red Dirt Rentals, LLC*, No. 24cv245, 2024 WL 1776435, at *1 (W.D. Okla. Apr. 24, 2024) (ordering names of LLC members under Rule 7.1).

This procedure is also insufficient to establish federal jurisdiction. *Cf. Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (jurisdiction cannot be based on "conclusory allegations"). "To properly allege the citizenship of one of these types

of business entities [LLCs], the party seeking federal court jurisdiction must start by identifying each and every partner or member of the entity, and if any of those partners or members are themselves entities, their constituent persons or entities must also be identified, and so on as far down as necessary to unravel fully the citizenship of the entity before the court." *DCP Operating Co., LP v. Travelers Indem. Co.*, No. 24cv628 SMD/KRS, 2025 WL 404906, at *2 (D.N.M. Feb. 5, 2025) (internal quotation marks omitted); *see also MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (to establish diversity jurisdiction with LLCs, "the pleadings needed to identify [the LLC's] members and allege their citizenship"); *Carter v. Healthport Technologies, LLC*, 822 F.3d 47, 60 (2d Cir. 2016) ("the Complaint is deficient because it contains no allegation as to the identity or citizenship of [the LLC's] members"); *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1300 (10th Cir. 2025) (party invoking jurisdiction must "identify the members of its LLC members, as well as the citizenship of those members' members, through as many layers as necessary for the court to satisfy itself that it has jurisdiction"); *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 830 (7th Cir. 2020) (for partnerships and LLCs, "only the partners' or members' citizenships matter" and "their identities and citizenships must be *revealed*. We do not blithely accept assurances along the lines of 'no one on our side is a citizen of the opposing litigant's state.'" (citation omitted)).

   **IT IS THEREFORE ORDERED** that Defendant PHI Health, LLC shall file an amended Rule 7.1(a)(2) disclosure statement that identifies the citizenship of all members of PHI Health LLC, naming all members of each LLC and their citizenship down the entire business chain, no later than February 11, 2026.

**IT IS FURTHER ORDERED** that if an amended statement showing the facts necessary to sustain diversity jurisdiction is not filed by February 11, 2026, the Court may remand this case to state court without further notice.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE