**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**IKE BEYALE,**

**Plaintiff,**

**vs.** **Civ. No. 25-1327 JFR/SCY**

**PHI HEALTH, LLC, and**
**JOHN DOE,**

**Defendants.**

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE[1]**

**THIS MATTER** is before the Court on *Defendant PHI Health, LLC's Motion to Strike Plaintiff's Untimely Expert Disclosure*, filed September 3, 2026. Doc. 42. On September 17, 2026, Plaintiff filed a Response. Doc. 44. On October 1, 2026, Defendant filed a Reply. Doc. 46. Having reviewed the pleadings and being otherwise sufficiently advised, the Court finds the Motion is not well-taken and is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his Complaint in Eleventh Judicial District Court, County of McKinley, State of New Mexico, on December 1, 2025. Doc. 1-2. Plaintiff seeks to recover damages for negligence arising out of injuries he sustained during a life flight by PHI Health, LLC on or about November 30, 2022. *Id.* The case was removed to this Court by Defendant on December 31, 2025. Doc. 1.

On March 26, 2026, the Court entered a Scheduling Order adopting with modifications the parties' Joint Status Report and Provisional Discovery Plan and setting case management

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings, and to enter an order of judgment, in this case. (Docs. 14, 16, 18.)

deadlines and discovery parameters. Doc. 22. The Scheduling Order set June 24, 2026, as the deadline for Plaintiff's disclosure of experts. *Id.* On June 15, 2026, the Court amended the expert disclosure deadlines and set July 24, 2026, as the deadline for Plaintiff's disclosure of experts. Doc. 30.

On July 24, 2026, Plaintiff served on counsel for Defendant PHI Health, LLC, *Plaintiff's Rule 26(a)(2) Expert Disclosures* ("Initial Expert Disclosure"). Doc. 34. Plaintiff's Initial Expert Disclosure identifies Stephen R. Suarez, Paramedic, as a retained expert witness, and identifies "treating physicians, nurses, and healthcare providers from Gallup Indian Medical Center, University of New Mexico Hospital, First Nations Community Healthsource, Tohatchi Health Care Center, and other treating facilities identified in the medical records and Plaintiff's prior disclosures as non-retained expert witnesses under Fed. R. Civ. P. 26(a)(2)(C)" as non-retained treating providers. Doc. 42-1. On August 31, 2026, Plaintiff served on counsel for Defendant PHI Health, LLC, *Plaintiff's Supplemental Rule 26(a)(2)(C) Disclosures of Non-Retained Treating Physicians* ("Supplemental Expert Disclosure"). Doc. 42-2. Plaintiff's Supplemental Expert Disclosure identifies by name "three University of New Mexico treating physicians whose treatment records contain or support opinions relevant to causation, injury, treatment, and damages" as his non-retained treating physicians. *Id.*

Defendant seeks to strike Plaintiff's Supplemental Expert Disclosure as untimely, unjustified, and prejudicial. Doc. 42 at 4-7; Doc. 46. Defendant argues that the purpose of supplementation is to correct inadvertent errors and "not to allow a party to engage in gamesmanship by creating a 'new and improved' expert disclosure to gain tactical advantage or bolstering opinions to avert a dispositive motion." *Id.* Defendant argues that Plaintiff's late disclosure of expert treating physicians did not occur until over a month after his expert

disclosures were due and that Plaintiff did so only after Defendant's timely disclosure of its own causation and standard of care experts. *Id.* Defendant argues the late disclosure is both surprising and prejudicial coming less than a month before the close of discovery and leaving little time to potentially depose the experts. *Id.* Defendant argues that the late disclosure is particularly egregious because Plaintiff's Supplemental Expert Disclosure provides that the treating physicians will testify as experts in the areas of standard of care, causation, and damages, without having complied with the requirements of Fed. R. Civ. P. 26(2)(B). *Id.* Finally, Defendant argues that Plaintiff has acted willfully and/or in bad faith in untimely disclosing his expert witnesses because he provides no new information on which to base his late disclosure and because he had over a year and a half to review this case and timely designate and disclose his expert witnesses. *Id.* Defendant asks the Court to strike Plaintiff's untimely supplemental disclosure and such witness testimony and specifically any testimony regarding standard of care, causation and damages. *Id.* Alternatively, Defendant requests a limited extension of the discovery period for the sole purpose of deposing these late-identified experts at the sole expense of Plaintiff, and allowing Defendant to supplement its expert disclosures should it be necessary, and to extend the pretrial motions deadlines. Doc. 46 at 6.

In Response, Plaintiff contends that his Supplemental Expert Disclosure "did not retain new experts, commission new reports, or introduce a new causation theory." Doc. 44 at 1. Instead, Plaintiff contends he identified three treating physicians by name and supplied summaries of treatment-related opinions already reflected in the medical record. *Id.* Plaintiff contends that he disclosed "treating-provider causation testimony" by the July 24 deadline and that his August 31 disclosure particularized those witnesses. *Id.* Plaintiff contends that even if the physician-specific disclosure was untimely, exclusion is not warranted under Rule 37(c)(1)

because there is no meaningful surprise, any prejudice is readily curable, and there is no trial disruption. *Id.* Finally, Plaintiff contends that the record does not support bad faith because he timely disclosed "treating-provider causation testimony" on July 24 and his August 31 supplemental disclosure does not create new opinions or produce new retained-expert reports. *Id.*

## II. LEGAL STANDARDS

Rule 26(a)(2) involves the disclosure of expert witnesses and addresses two distinct types of expert witness: (1) a retained expert witness who is required to produce a comprehensive written and signed expert report pursuant to Rule 26(a)(2)(B); and (2) a non-retained expert witness who is required to provide a summary of facts and opinions pursuant to Rule 26(a)(2)(C). *See* Fed. R. Civ. P. 26(a)(2)(B)-(C). As to both, the rule requires that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, and 706." Fed. R. Civ. P. 26(a)(2)(A). Treating physicians generally fall into the latter category and are not subject to the retained expert report requirement if they limit their testimony to matters within the scope of the care and treatment of their patients. *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995); *see also Farris*, 493 F. Supp. 2d at 1179-80 (noting that Advisory Committee notes to 1993 amendments single out treating physicians as example of class of experts who typically do not need to submit written reports). While Rule 26(a)(2)(C) exempts treating physicians from filing an expert report, the party offering the treating physician must still comply with the disclosure requirements under that rule. Rule 26(a)(2)(C) states that the offering party must file a disclosure containing "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of

Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

## III. ANALYSIS

### A. Plaintiff's Supplemental Expert Disclosure Is Outside the Scope of Supplementation Permitted by Rule 26(e)

Before considering whether Plaintiff's Supplemental Expert Disclosure should be stricken, the Court must first determine whether there was a Rule 26(a) violation. As set forth above, Rule 26(a) requires that the offering party must provide as to non-retained expert witness a disclosure containing "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Thus, a Rule 26(a) violation occurs upon the filing of a supplemental report if that report is outside the scope of supplementation permitted under Rule 26(e) – for example, if it is simply responding to or rebutting claims made in the opposing party's expert reports, *Galaxy Ventures, LLC v. Rosenblum*, 2005 WL 5988690, at *4 (D.N.M. July 21, 2005), or if it includes information which could have been included in the original export report but was not, *Vulcan Materials Co. v. Atofina Chem. Inc.*, 2004 WL 5628830, at *2 (D. Kan. Feb. 13, 2004).

Permissible supplementation under Rule 26(e) includes "correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Martinez v. Cont'l Tire the Americas*, LLC, 2020 WL 4719068, at *1 (D.N.M. Aug. 13, 2020) (quoting *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006)); *see also Beller v. United States*, 221 F.R.D. 689, 694-95 (D.N.M. 2003) (observing that new information that was previously unavailable to a party may form a proper basis for the supplementation of an expert report). However, Rule 26(e) is "not intended to

provide an extension of the expert designation and report production deadline" and may not be used for that purpose. *Lay v. Wal-Mart Stores E., L.P.*, 2020 WL 6709541, at *2 (D.N.M. Nov. 16, 2020) (quoting *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998)). The duty to supplement does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report, and does not allow a party to file supplements intended to "deepen" or "strengthen" its own expert's prior Rule 26(a)(2)(B) report. *Leviton Mfg. Co., Inc. v. Nicor, Inc.*, 245 F.R.D. 524, 528 (D.N.M. 2007) (citing *Beller*, 221 F.R.D. at 701). In the context of experts specifically, supplementation is not allowed "when the party's motive is to wholly rework [a] damages claim or change the substance of their contentions." *Thomson v. Nat'l R.R. Passenger Corp.*, 2019 WL 6717255 at *4 (D.N.M. Dec. 10, 2019).

Rule 26(a)(2)'s requirements are "mandatory and self-executing." *Kern River Gas Transmission Co. v. 6.17 Acres of Land, More or Less, in Salt Lake Cnty., Utah*, 156 F. App'x 96, 102 (10th Cir. 2005). There is good reason for courts to require adherence to the rule:

> To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could "supplement" existing reports and modify opinions previously given. This practice would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines, because new reports and opinions would warrant further consultation with one's own expert and virtually require new rounds of depositions. That process would hinder rather than facilitate settlement and the final deposition of the case.

*Beller*, 221 F.R.D. 689, 695

Plaintiff's Initial Disclosure fails to comply with Rule 26(a)(2) in two respects. First, Rule 26(a)(2)(A) states that a party must disclose "the *identity of any witness* it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A)

(emphasis added). In other words, a plain reading of the Rule requires that the disclosing party must actually name an expert. As Magistrate Judge Kirtan Khalsa explained:

> In this context, a "witness" is "one who testifies in a cause or before a judicial tribunal." https://www.merriam-webster.com/dictionary/witness (last visited Mar. 18, 2022). Entities cannot take the stand and testify; only individuals can. Thus, Rule 26(a)(2)(A) requires parties to identify individuals as expert witnesses, and Plaintiffs' disclosures are inadequate to the extent they identify entities instead.

*Heaton v. Gonzales*, 2022 WL 843892, at *5 (D.N.M. Mar. 22, 2022) (and collecting cases). Plaintiff's Initial Expert Disclosure, however, fails to name any non-retained treating physicians and instead broadly discloses *any and all* treating providers from *any and all* healthcare facilities at which Plaintiff received treatment. This does not comply with the requirements of Rule 26(a)(2). Second, Plaintiff's Initial Expert Disclosure fails to provide a "summary of the facts and opinions to which the witness is expected to testify." *See* Fed. R. Civ. P. 26(a)(C)(ii). Instead, Plaintiff's Initial Expert Disclosure merely includes a list of broad subject matters on which unidentified witnesses may testify or present evidence. This does not comply with the requirements of Rule 26(a)(2)(C).

> Rule 26(a)(2)(B) and Rule 26(a)(2)(C) share the same common purpose: to prevent unfair surprise and to conserve resources. An opposing party is entitled to an expert disclosure from a non-retained expert, including treating providers, that specifies what opinions will be offered, and the factual bases for those opinions. Rule 26(a)(2)(C) mandates "summary disclosures of the opinions to be offered by the expert witness who are not required to provide reports under Rule 26(a)(2)(B) and of facts supporting those opinions." Fed. R. Civ. P. 26 Advisory Comm. Notes (2010). Although considerably less is required under Rule 26(a)(2)(C), the disclosure must contain sufficient information to allow opposing counsel to make an informed decision on which, if any, of the treating providers should be deposed, determine whether to retain experts, and conduct a meaningful deposition or cross examination of the witness at trial. *See, e.g.*, *Pineda v. City & Cnty. of S.F.*, 280 F.R.D. 517, 523 (N.D. Cal. 2012) (finding that without information about the opinions on which non-retained experts are expected to testify and the main facts on which these opinions are based, opposing counsel's ability to meaningfully depose or cross examine these witnesses was undermined, and counsel could not make an informed decision on which, if any, of numerous treating physicians should be deposed).

*Alfaro v. D. Las Vegas, Inc.,* 2016 WL 4473421, at *14 (D. Nev. Aug. 24, 2016), *aff'd,* 2017 WL 3172539 (D. Nev. July 26, 2017), and *aff'd sub nom. Torrez v. D. Las Vegas, Inc.,* 773 F. App'x 950 (9th Cir. 2019); *see also Vincent v. Nelson*, 51 F.4th 1200, 1216 (10th Cir. 2022) (echoing the Ninth Circuit's sentiment regarding "generic, unhelpful, and boilerplate" language when a party has offered no summary of facts and opinions in their non-retained expert disclosures). "In practical effect, there were no 'disclosures' within the meaning of Rule 26(a)(2)(C)." *Torrez*, 773 F. App'x at 951.

Based on the foregoing, the Court finds that Plaintiff's Supplemental Expert Disclosure is improper because it is outside the scope of supplementation permitted under Rule 26(e). First, the Supplemental Expert Disclosure is not based on new information. *See Beller*, 221 F.R.D. at 694-95 ("This is not a situation where, subsequent to preparation of the original report, new information was discovered which required that the original report be supplemented because the original opinion was no longer correct."). Second, Plaintiff's proffered Supplemental Expert Disclosure is not an attempt to correct inaccuracies to the Initial Disclosure or to complete it based on information that was not available to him at the time he prepared the Initial Disclosure. Rather, the Supplemental Expert Disclosure identifies by name for the first time three non-retained treating physicians and provides a summary of the facts and opinions to which they are expected to testify – identities and information that were available to Plaintiff at the time of his Initial Disclosure. Plaintiff's "supplementation," therefore, is not permitted under the Federal Rules.

**B. <u>Appropriate Sanctions</u>**

Having concluded that the Supplemental Expert Disclosure violates Rule 26, the Court must determine the appropriate sanction for these violations, if any. Rule 37(c)(1) provides that

if a party fails to provide information or identify a witness as required by Rule 26(a) or Rule 26(e), "the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The determination of whether a Rule 26(a) violation is "substantially justified" or "harmless" is entrusted to the broad discretion of the district court. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). The court should bear in mind that the Tenth Circuit has stated that "[t]he decision to exclude evidence is a drastic sanction." *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).

The district court is not required to make explicit findings concerning substantial justification or the harmlessness of a failure to disclose. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). Nevertheless, the Tenth Circuit has held the following factors should guide the district court's discretion in determining whether to allow a party to use information or a witness to supply evidence at trial: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply*, 170 F.3d at 993.

The Court concludes that Plaintiff's Supplemental Expert Disclosure should not be stricken. First, although Plaintiffs' untimely disclosure of non-retained treating providers has prejudiced Defendant by depriving it of information to which it was entitled in a timely manner and which it needs to defend against Plaintiff's claims, Defendant now has this information. Second, Plaintiff's violation can be cured by seeking an extension of the current case management deadlines for the limited purpose of providing Defendant the opportunity to conduct depositions of Plaintiff's non-retained treating providers and/or to submit rebuttal evidence.

Moreover, trial is not scheduled until July 2027 such that it is not imminent. *See Jacobsen*, 287 F.3d at 954 (for cases not "on the eve of trial," the district court could allow more time for compliance with Rule 26 "without jeopardizing the trial schedule" and provide the opposing party the opportunity to disclose rebuttal reports). Last, there is no evidence Plaintiff violated Rule 26 in bad faith. *Harvey v. THI of N.M. at Albuquerque Care Ctr., LLC*, 2015 WL 13667111, at *6 (D.N.M. Mar, 31, 2015) ("Without a finding of bad faith or gamesmanship . . . courts are loath to invoke the strong medicine of precluding expert testimony." (internal quotation marks omitted; alteration in original)).

**IT IS THEREFORE ORDERED** that Defendant PHI Health LLC's Motion to Strike Plaintiff's Untimely Disclosure is **DENIED**;

**IT IS FURTHER ORDERED** that if Defendant chooses, it may seek to extend the case management deadlines for the limited purpose of providing Defendant the opportunity to conduct depositions of Plaintiff's non-retained treating providers as disclosed in its Supplemental Expert Disclosure and/or to submit rebuttal evidence.

**IT IS SO ORDERED.**

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**
**Presiding by Consent**